NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL THOMAS CHRISTIE, *Petitioner*.

No. 1 CA-CR 16-0605 PRPC
FILED 9-12-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2007-116269-001
CR2014-030311-001
CR2014-135367-001
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Respondent*

Michael Thomas Christie, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

---

**J O H N S E N**, Judge:

¶1 Michael Thomas Christie petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 Christie was charged with trafficking in stolen goods and two counts of possession of marijuana. At the time of the charged offenses, he was on probation after being convicted of misconduct involving weapons. At a settlement conference, the parties engaged in a lengthy discussion about Christie's prior felony history and his personal circumstances, including possible mitigating circumstances. Christie told the court that he had "changed [his] life around" but that the death of his sister caused him to relapse and commit the crimes with which he was charged.

¶3 A month later, Christie agreed to plead guilty to trafficking in stolen goods and one marijuana charge. The plea agreement stipulated for imposition of concurrent sentences, the longest of which was eight years. The State agreed to dismiss the allegations of prior felony offenses for sentencing enhancement purposes and to refrain from filing additional pending drug charges. The superior court sentenced him in accordance with the plea.

¶4 Christie then filed a timely *pro se* petition for relief. Christie alleged his trial counsel had been ineffective in failing to investigate his mental-health history, failing to argue vigorously for a mitigated sentence based upon his mental-health history and failing to request a hearing to offer evidence in support of a mitigated sentence. Christie also claimed he was not given the opportunity to review the presentence report before he was sentenced, and alleged his sentence constituted cruel and unusual punishment. He went on to allege that his appointed post-conviction relief counsel, who had found no colorable issue to raise, also was ineffective. The superior court denied Christie's petition, finding he had not provided

facts to support his claim of ineffective assistance of trial counsel and offered no evidence that his post-conviction relief attorney had been ineffective. The court found Christie's Eighth Amendment argument lacked identifiable and understandable legal arguments.

¶5 Absent an abuse of discretion or error of law, this court will not disturb the superior court's denial of a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶6 "The relevant inquiry for determining whether [Christie] is entitled to an evidentiary hearing is whether he has alleged facts which, if true, would *probably* have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016). Christie filed an affidavit of his own with his petition for post-conviction relief, but failed to provide the court with any evidence in support of the statements made in his affidavit. Further, a review of the record suggests that Christie's claims are unfounded.

¶7 To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To demonstrate prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶8 Christie has not provided medical or mental health records in support of his allegation that he would have received a lighter sentence if his trial counsel had investigated and presented his mental-health history. He did provide a Department of Corrections mental-health contact form, but the form was created after Christie had been sentenced; it also noted that he was not severely mentally ill, was not taking psychotropic medication, was not experiencing visual or auditory hallucinations, and did not have thoughts of harming himself or others.

¶9 Further, we see nothing in the record to support Christie's claim that his trial counsel was otherwise ineffective. At the settlement conference, the prosecutor said to Christie, "your defense attorney has already basically negotiated down the plea to less than what it originally was going to be. So she has worked hard on your behalf." His attorney spoke at the settlement conference about Christie's diagnosis of hepatitis and said Christie feared for his life in prison.

¶10         During the change-of-plea hearing, when asked if he had used alcohol or drugs or taken any prescription medications in the last 72 hours, Christie answered that he had not.  There was no mention of him taking any psychotropic medications.  At sentencing, the State did acknowledge Christie's mental-health issues as a rationale for its recommendation that probation be continued for his probation violation.  When the court asked Christie if there was anything he wanted the court to know about himself, Christie did not mention any mental-health history.[1]

¶11         In sum, Christie has failed to provide any evidence that counsel was ineffective, and nothing in the record suggests his sentence would have been reduced or mitigated by the introduction of additional medical or mental-health information.

¶12         Christie also claims he was not given the opportunity to review his presentence report before the sentencing hearing.  A defendant's right to inspect a presentence report is in the discretion of the trial court.  *State v. Gunter*, 132 Ariz. 64, 72 (App. 1982) (citation omitted).  Christie's probation violation report stated that Christie had reported a diagnosed mental-health disorder and that he was taking medication and was stable.  Christie has not supplied any evidence of additional material that should have been included in the report; nor does he explain how or why he might have received a lighter sentence if he had seen the presentence report before he was sentenced.

¶13         Christie also alleges his post-conviction relief counsel was ineffective for failing to file a petition for review, but he offers no evidence in support of that claim.  Accordingly, the superior court did not abuse its discretion in concluding that he had failed to demonstrate any basis for the claim.  *See State v. Borbon*, 146 Ariz. 392, 399–400 (1985) (superior court need not conduct an evidentiary hearing based on generalizations and unsubstantiated claims of ineffective assistance of counsel).

¶14         Finally, Christie's reference to the Eighth Amendment is not supported by any facts or legal argument.  His unsupported contention that his sentence is cruel and unusual is not enough to raise a colorable claim.  *See State v. Moody*, 208 Ariz. 424, 452, ¶ 101, n.9 (2004).

---

[1]         During a criminal proceeding in 2007, Christie underwent a Rule 11 mental competency evaluation and was found competent to stand trial and participate in his defense.

**¶15** Because the superior court neither abused its discretion nor made erroneous conclusions of law in dismissing Christie's petition, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA